# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| AARON MICHAEL OVERTON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14-cv-0024-TWP-TAB |
| MARK GRUBE, | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion for Summary Judgment and
Directing Entry of Final Judgment**

This matter is before the Court on a Motion for Summary Judgment (Dkt. 18) filed by Defendant Mark Grube ("Lt. Grube"). The plaintiff in this 42 U.S.C. § 1983 civil rights action is Aaron Michael Overton ("Mr. Overton"), who at all relevant times has been a pretrial detainee at the Clark County Jail ("the Jail"). Mr. Overton alleges that Lt. Grube wrongfully punished him on or about April 30, 2013, in violation of the Fourteenth Amendment. Mr. Overton also brings a state law claim of slander. Mr. Overton seeks compensatory damages and requests that Lt. Grube lose his job.

Mr. Overton has opposed the motion for summary judgment and Lt. Grube has replied. For the reasons explained in this Entry, the Motion for Summary Judgment is **GRANTED.**

## I. Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there

1

is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

## II. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of the record which comply with the requirements of Rule 56(c), the following facts, construed in the

manner most favorable to Mr. Overton as the non-movant, are undisputed for purposes of the motion for summary judgment:

On April 30, 2013 there was an altercation in the Jail, for which Mr. Overton and another inmate were wrongfully charged and punished. Mr. Overton was slandered on the Channel 11 news for a C felony battery that he did not commit. He told Lt. Grube and other Jail officers that he did not do anything and that he was innocent. Mr. Overton alleges that Lt. Grube committed perjury in a probable cause affidavit by stating that he reviewed the camera footage of the incident and saw Mr. Overton assault another inmate.

The Clark County Jail's Rules & Regulations Number 13.3, (III) Inmate Grievance Procedures, provides, in pertinent part, as follows:

II. Procedures:

A. The grievance procedures for inmates of the Clark County Jail have been established for inmates to present complaints and problems relating to the conditions of their confinement. It is intended to be the mechanism to which inmates may resort after they have attempted to resolve the problem or complaint with the corrections personnel most directly responsible for the aspect of institutional life in question.

B. Except as otherwise indicated below, a grievance may relate to any aspect of institutional life. It may concern Departmental, Correctional policies, procedures, rule and regulations, or the application of any of these to the grievant. It may also relate to actions on the part of corrections personnel or inmate affecting the grievant. A grievance must be specific in its description of the complaint or problem. A grievance filed with the jail commander must be individual in nature, even though other inmates may be similarly affected.

\*\*\*

D. Each inmate shall receive either a written or an oral response as soon as possible, but in no event, more than five (5) working days after receipt by the appropriate employee or administrator. Normal and routine requests and inquiries shall be handled informally.

E. An inmate shall first attempt to resolve his grievance by contacting, in person or in writing, the appropriate corrections officer whose area of responsibility is related to the grievance.

F. If the grievance is not resolved to the satisfaction of the inmate, he may, in writing only, notify the jail commander of his grievance.

III. Grievance Resolution Procedure

The grievance resolution procedure shall be as follows:

A. Upon notification by an inmate, in writing, of a grievance, the jail commander or his designee shall take such action as necessary to resolve the grievance.

B. The jail commander shall authorize all interviews, records research, or any other investigations necessary to effect a proper resolution of the grievance. He or his designee shall maintain a written report of his investigations, as well as his conclusions and recommendations on actions concerning the grievance.

C. Should the grievance not be resolved by the jail commander or his designee within ten (10) working days, he shall notify the inmate in writing of the reasons for the extension of time.

D. In all cases the jail commander or his designee will provide the inmate with written notice of his resolution of his grievance and the reasons for that resolution.

E. Whenever the inmate is dissatisfied with the resolution of his grievance, he may, within five (5) working days of receipt of written notice of the resolution of his grievance, appeal in writing to the jail commander. The jail commander shall notify the inmate in writing, within twenty (20) working days of the decision of the appeal. If the jail commander requires additional time, he shall notify the inmate, in writing, of the reasons for the extension, with a copy to the Sheriff.

Dkt. 20-1.

Upon commitment to the Jail, upon request, each inmate is given a copy of the Jail's "Inmate Rules and Regulations" rulebook. The rulebook explains the grievance procedures to the inmates. The inmates are also generally informed orally of the grievance procedures available to them. Mr. Overton filed a grievance on March 9, 2014, more than ten months after the incident at

issue occurred. Lieutenant Retha Boley ("Lt. Boley") responded to the grievance on March 13, 2014. Mr. Overton did not file an appeal from Lt. Boley's response to his grievance.

With regard to Mr. Overton's allegation that he was slandered, Both Lt. Grube and Rick Elliott ("Director Elliott"), the Director of Corrections, have submitted affidavits that to their knowledge "nobody from the Clark County Jail contacted any news outlet concerning Plaintiff's charges." (Dkt. 20-1 at p. 4 ¶ 25, Dkt. 20-2 at p 2 ¶ 8).

### III. Discussion

Lt. Grube seeks resolution of Mr. Overton's federal claim through the entry of summary judgment based on the affirmative defense that Mr. Overton failed to exhaust his available administrative remedies prior to filing the complaint. He also seeks dismissal of the slander claim on the merits. The Court will address each argument in turn.

*A. Analysis of Exhaustion Defense*

The Jail's policy is essentially a three step process. First, inmates are encouraged to attempt to resolve their grievances informally. Second, if they are unable to resolve the grievance informally, they are provided a grievance form to complete. Third, if the inmate is unsatisfied by the investigating officer's decision, the inmate may, within five (5) days of receipt of written notice of the resolution of his grievance, appeal in writing to the jail commander.

Mr. Overton filed a grievance on March 9, 2014, over ten months after the April 30, 2013, assault. He received a written response to his grievance four days later, on March 13, 2014. In response to the motion for summary judgment, Mr. Overton submitted some documents and reported that he enclosed his evidence of his exhausting administrative remedies. (Dkt. 21). He asserted, "I exhausted my administrative remedies before the filing of this case." *Id.* One document appears to be a copy of the grievance he submitted on March 9, 2014. (Dkt. 21-1, p. 1). The other

5

documents are purportedly of grievance forms, one dated March 30, 2014, and on another the date is illegible. (Dkt. 21-1, pp. 2-3). The summaries on the forms are illegible, and Mr. Overton has not provided any statement of material facts or any sworn statement of his version of what transpired in relation to the exhaustion process. In sum, there is no evidence that Mr. Overton filed an appeal of the response to his grievance and thereby completed his available administrative remedies.

"In order to exhaust administrative remedies, a prisoner must take *all* steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) (emphasis added). Mr. Overton failed to complete the exhaustion process before filing this lawsuit. Defendant Lt. Grube is entitled to summary judgment on this basis. Therefore, in light of 42 U.S.C. § 1997e(a), the federal claim against Lt. Grube should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### B. Slander Claim

Mr. Overton alleges in his complaint that he was "wrongfully charged and slandered across the news." Generally speaking, slander is an oral type of defamation. 18 Ind. Law. Encyc., Libel and Slander § 1. Under Indiana law, to maintain an action for defamation, "a plaintiff must show a communication with four elements: (1) defamatory imputation; (2) malice; (3) publication, and (4) damages." *Van Eaton v. Fink,* 697 N.E.2d 490, 494 (Ind.Ct.App. 1998). Under Indiana law, the plaintiff must include in his complaint the alleged defamatory statement and the speaker of the statement. *Columbus Specialty Surgery Center v. Southeastern Indiana Health Org., Inc.,* 22 N.E.3d 665, 669-70 (Ind.Ct.App. 2014). Mr. Overton has not pleaded nor has he presented any evidence that Lt. Grube published a communication against him with malice. Further, Mr. Overton

6

has offered no evidence to dispute Lt. Grube and Director Elliott's statements that no one from the Jail contacted any news outlet concerning the April 30, 2013, incident. Therefore, Lt. Grube is entitled to summary judgment on the supplemental state law claim.

## IV. Conclusion

For the reasons explained above, the Motion for Summary Judgment filed by Lt. Grube (Dkt. 18) is **GRANTED.** Claims against other defendants were dismissed in the screening Entry of May 6, 2014. Judgment consistent with this Entry and with the Entry of May 6, 2014, shall now issue.

**IT IS SO ORDERED.**

Date: 4/23/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Aaron Michael Overton
#90623
Clark County Jail
501 E. Court Avenue
Jeffersonville, IN 47130

Electronically registered counsel